IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| M,L,R, & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-811T<br>(Judge Emily C. Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**ANSWER**

The defendant, the United States, for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

Admits that the first sentence in the unnumbered paragraph is plaintiff's statement of its claim. Denies that plaintiff is entitled to any relief. Admits that Exhibit A is the final notice of partnership administrative adjustments ("FPAA") of partnership items of M,L,R &R ("MLRR") for 2002 (MLR&R FPAA).

## I. THE PARTIES

1. Denies that M,L,R & R is, or was at any time, a valid partnership for federal tax purposes. Admits only that M,L,R & R has an employer identification number of 16-1417876. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Denies the implied allegation that M,L,R & R is, or was at any time, a valid partnership for federal tax purposes. Admits that Richard Sands' taxpayer identification number ends in 3858

and that Richard Sands was a 17.33573% general partner in MLR&R. Admits that MLR&R designated Richard Sands as its tax matters partner on MLR&R's 2002 partnership return. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Denies the implied allegation that M,L,R & R is, or was at any time, a valid partnership for federal tax purposes. Admits that the Marvin Sands Master Trust was a 43.07296% general partner in MLR&R in 2002. Avers that the Marvin Sands Master Trust has an employer identification number of 16-6498605. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4. Denies the implied allegation that M,L,R & R is, or was at any time, a valid partnership for federal tax purposes. Admits that Robert Sands was a 19.23807% general partner in MLR&R in 2002. Currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph.

5. Denies the implied allegation that M,L,R & R is, or was at any time, a valid partnership for federal tax purposes. Admits that CWC-I Partnership ("CWC") was a 8.65074% general partner in MLR&R in 2002 and that CWC-I Partnership ("CWC") has a taxpayer identification number of 16-1472626. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5.

6. Denies the implied allegation that M,L,R & R was at any time a valid partnership for federal tax purposes. Admits that Andrew Stern was a 11.7028% general partner in MLR&R in 2002.

7. Admits only that Alpha I, L.P. ("Alpha") has an employer identification number of 43-1946228. Denies that Alpha was at any time a valid partnership for federal tax purposes. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8. Denies the implied allegation that Alpha was at any time a valid partnership for federal tax purposes. Denies that any of the named persons were partners in Alpha for federal tax purposes.

9. Admits that Beta Partners, LLC ("Beta") has an employer identification number of 43-1946833. Denies the implied allegation that Beta was at any time a valid partnership for federal tax purposes. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

10. Admits the allegations of paragraph 10.

## **II. JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. F. Rules 1 and 2**

11. States that jurisdiction exists, if at all, pursuant to 28 U.S.C., § 1508.

12-14. Admits the allegations of paragraphs 12 through 14.

15. Admits only that on or about November 28, 2006, the amount of $105,468.00 was applied to the tax account of Richard Sands for the taxable year ending December 31, 2002. Currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15.

16. Admits that $105,468.00 was tendered by mail to the IRS Revenue Agent Peter Brokus. Currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 17.

## III. DESCRIPTION OF THE TRANSACTIONS

18-36. Admits that a series of short sale transactions occurred around December 11, 2001 and that the short sale positions involved were closed around December 26, 2001. Denies the remaining allegations of paragraphs 18 - 36. To the extent these allegations are true, the United States denies plaintiff's characterization of events and, to the extent such events actually occurred as so characterized, denies that they so occurred for federal income tax purposes.

## IV. THE SERVICE'S POSITION

37. Admits the allegations of paragraph 37, except denies plaintiff's characterization and description of adjustments set forth in the MLR&R FPAA, which speaks for itself.

38. Admits the allegations of paragraph 38 except denies plaintiff's characterization and description of adjustments set forth in the Alpha FPAA, which speaks for itself.

39. Admits the allegations of paragraph 39,except denies plaintiff's characterization and description of adjustments set forth in the Beta FPAA, which speaks for itself.

40. Admits that plaintiff's complaint challenges all of the adjustments made by the MLR&R FPAA. Denies that plaintiff is entitled to any relief. Admits that separate complaints have been filed to challenge the adjustments set forth in the Alpha FPAA and the Beta FPAA. Denies that those plaintiffs are entitled to any relief.

## V. THE SERVICE'S POSITIONS IN THE M,L,R & R FPAA

41-45. Denies the allegations of paragraph 41-45.

## VI. M,L,R & R'S ERRONEOUS TREATMENT OF TAX ITEMS

46-58. Denies the allegations of paragraphs 46 through 58.

## VII. BURDEN OF PROOF

59. Denies the allegation of paragraph 59.

## VIII. PRAYER FOR RELIEF

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, sustaining the adjustments set forth in the MLR&R FPAA for 2002; dismissing plaintiff's complaint; and granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ Thomas M. Herrin
THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney

/s/ Louise Hytken
Of Counsel